IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| YASSER TABARES LEYVA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 20-CV-2124 |
| CHAD KOLITWENZEW | ) ) ) | |
| Defendant. | ) | |

**ORDER**

**COLIN STIRLING BRUCE, U.S. DISTRICT JUDGE.**

Petitioner, a Cuban native who entered the United States without proper documentation in February 2019, has been detained for more than 16 months, the last three of those months in the Jerome Combs Detention Center (JCDC). He filed this 28 U.S.C. § 1441 petition seeking release or a bond redetermination hearing before an Immigration Judge. Plaintiff contends that his detention violates his right to substantive and procedural due process under the Fifth Amendment because his detention has been

unreasonably prolonged and because he is at a higher risk of severe complications from COVID-19. The Court has thoroughly reviewed the record and concludes that no evidentiary hearing is warranted. For the reasons below, Plaintiff's petition is denied.

## Procedural History

This procedural history is taken from Petitioner's own statements and the undisputed procedural history submitted by the Government. 28 U.S.C. § 2248 (if no traverse filed, allegations in response taken as true unless found by the Court to be untrue).

Petitioner was detained in Arizona in February 2019 pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A), based on Petitioner's entry into the United States without valid documentation, 8 U.S.C. § 1182(a)(7)(A)(i)(I). Removal proceedings were initiated in which Petitioner conceded removability but applied for asylum and protection under the Convention Against Torture. An Immigration Judge

denied Plaintiff's application and ordered Petitioner removed. That ruling was affirmed by the Board of Immigration Appeals (BIA) on February 25, 2020. Plaintiff appealed the BIA ruling on March 18, 2020, to the Ninth Circuit Court of Appeals. Plaintiff's removal was originally to occur within 90 days of BIA's order, 8 U.S.C. § 1231(a), but the order was stayed by the Ninth Circuit Court of Appeals, and, therefore, is not considered final until the appeal is resolved, 8 U.S.C. § 1231(a)(1)(B)(ii)).[1] A review of the docket of the appeal shows that briefing is currently scheduled to be complete in October 2020. <u>Tabares Leyva v. Barr</u>, 20-70762 (9th Cir.)(last visited 6/22/20).

Petitioner's requests for parole have been denied, the last request having been made and denied in April 2020. Petitioner asked for a bond hearing on an unspecified date, which the Immigration Judge

---

[1] Whether Petitioner's mandatory detention falls under § 1225(b)(1)(A)(ii)(detainment while asylum petition pending) or § 1225(b)(2)(detainment pending removal proceedings) is not clear to the Court, but the difference is immaterial to the Court's analysis.

purportedly denied on the grounds that Jennings v. Rodriguez, 138 S.Ct. 830 (2018) had effectively reversed the Ninth Circuit precedent upon which Plaintiff relied.  Petitioner asked again for bond in March 2020, but Petitioner maintains that no date has been set on this request because of a COVID-19 outbreak in Plaintiff's prior place of detention and court closures.

## Analysis

The Government seems to argue that Jennings v. Rodriguez, 138 S.Ct. 830 (S.Ct. 2018) forecloses Plaintiff's claims for unreasonably prolonged detention. Jennings held that the pre-removal order mandatory detention provisions do not contain an implicit time limit, unlike the post-removal detention provision, which has a six-month presumptively reasonable time limit, Zadvydas v. Davis, 533 U.S. 678 (2001).  The Court in Jennings stated in relevant part:

> Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," and § 1225(b)(2) aliens are in turn detained for "[removal] proceeding[s]." Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

138 S.Ct. at 842.

Jennings, though, did not address the petitioner's constitutional claims--whether at some point a pre-removal mandatory detention could become unconstitutionally prolonged. Jennings, therefore, does not foreclose Petitioner's constitutional claims. Baez-Sanchez v. Kolitwenzew, 360 F.Supp.3d 808, 815 (C.D. Ill.). "Since Jennings, district courts across the country have continued to find prolonged detention unconstitutional when considering

case-specific factors, including the length of the detention, the cause of the delay and whether the petitioner appears to be 'gaming the system,' and the likelihood of eventual removal." Id.  The Court, therefore, proceeds to the merits of the claims.

Plaintiff does not explain the grounds for his asylum application, so the Court cannot assess whether Plaintiff has a nonfrivolous argument against removal.  *See, e.g.,* Parzych v. Prim, 2020 WL 996559 (N.D. Ill.)(petitioner had colorable defense where he challenged agency's interpretation of state statute); Vargas v. Beth, 378 F.Supp.3d 716, 728 (E.D. Wis.)(petitioner had colorable defense based on statutory argument);  Baez-Sanchez, 360 F.Supp.at 815 (petitioner had good faith belief that U-visa petition would be approved).[2]

---

[2] A federal court would not be able to review the merits of a denial of application for asylum.  DHS v. Thuraissigiam, No. 19-1161 (S.Ct., decided

This is also not a situation where reversals, remands, or administrative inaction have caused an inordinate delay in Plaintiff's removal proceedings. *Compare with* <u>Parzych v. Prim</u>, 2020 WL 996559 (N.D. Ill.)(petitioner was detained for nearly three years "with no end in sight"); <u>Vargas</u>, 378 F.Supp.3d at 727 (petitioner had been detained 9 ½ months and was still waiting on BIA decision); <u>Baez-Sanchez</u>, 360 F.Supp.3d at 810 (detention over four years, with "numerous appeals and remands"). Plaintiff's removal proceedings are in the final stage (judicial review) and were in the final stage when Plaintiff filed his petition. *See* <u>Hussain v. Mukasey</u>, 510 F.3d 739, 743 (7th Cir. 2007)(even if administrative removal proceedings were inordinately delayed, release not warranted where proceeding was in final stage, appellate review). Further, while Plaintiff may have no control over how

---

June 25, 2020)(statute prohibiting court review of whether petitioner had a credible fear of prosecution did not violate constitutional due process).

long the Ninth Circuit will take to decide his appeal, Plaintiff did file a motion for extension on June 22, 2020, asking for an additional month to file a brief. *See* Hussain, 510 F.3d at 742 ("[J]udicial review of removal orders takes only a limited amount of time and if there is hardship to the petitioner the court can agree to expedite the proceeding.").

Additionally, the Court cannot tell whether Plaintiff has actually been denied a bond hearing. According to Plaintiff, his first bond request was denied because of Jennings, and his second bond request is pending scheduling. Petitioner offers no update on the scheduling of his pending bond request. If Plaintiff is scheduled to receive a bond hearing, his request for that hearing would appear to be moot.

For the reasons above, the record does not support Plaintiff's claim that his detention has been unconstitutionally prolonged in violation of his Fifth Amendment due process rights.

Plaintiff also claims that COVID-19 and Plaintiff's asthma render his detention at JCDC a violation of his Fifth Amendment substantive due process right.

For the reasons stated by other district courts in this district, the Court disagrees with the Government's arguments that Petitioner lacks Article III standing or that habeas is not the proper legal avenue for this claim.  See Crainic v. Kolitwenzew, 20-cv-2138 (C.D. Ill.)(Judge Myerscough, 6/8/20 Order pp. 21-23); Ruderman v. Kolitwenzew, 20-cv-2082 (C.D. Ill., Judge Myerscough)(5/12/20 Order, pp. 25-28); Hernandez v. Kolitwenzew, 20-cv-2088 (Chief Judge Darrow, 4/23/20 Order, pp. 12-13).

The Court need not belabor those points, though, because Plaintiff's claim fails on the merits.  Plaintiff has not provided competent evidence that he actually has any medical conditions which put him at a high risk of suffering serious complications from COVID-19.  Petitioner asserts that he suffers from asthma,

attaching a document to his petition which purports to be a clinical history summary from a "chronic respiratory patient consultation" for Petitioner. The document bears the date of March 30, 2020 and states that Petitioner's history "includes between 5 and 8 acute bronchial asthma attacks per year that are very difficult [sic] control, requiring hospitalization on three occasions." [d/e 1-1, p. 4.] No date is given for the last date Plaintiff was seen by a physician for respiratory symptoms or the date of the hospitalizations. A similar document was filed by Petitioner on June 11, 2020.

The Court cannot tell what information or records were reviewed to compile this purported summary. If the summary is based on subjective statements by Petitioner, the summary would not be evidence of a medical diagnosis. If the summary is based on a review of Plaintiff's medical records from Cuba, the summary does not provide enough information to

allow an inference that Plaintiff continues to have problems with asthma.

The Government has filed Plaintiff's medical records from JCDC, which show that Plaintiff is a healthy 21-year-old male.  Petitioner does not dispute those records, nor does he dispute that, both upon his apprehension in 2019 and upon his arrival at JCDC more than a year later, he denied having any medical problems or taking any medications.  Further, Plaintiff does not dispute that JCDC has implemented measures to reduce the risk of COVID-19 spreading in JCDC, including significant population reduction. [Kolitwenzew Dec.]   According to JCDC's Chief of Corrections Chad Kolitwenzew, over 100 ICE detainees have been released since March 19, 2020, reducing the ICE detainee population by nearly 70% to 48 from 155. [Kolitwenzew Dec. ¶ 3.]

Taking Plaintiff's good health and young age into consideration along with Kolitwenzew's actions to

prevent COVID-19 infections, Plaintiff's detention in JCDC does not, on this record, present an objectively unreasonable risk of harm to Plaintiff's health. Plaintiff's substantive due process claim, therefore, also fails.

**IT IS THEREFORE ORDERED that Plaintiff's petition for habeas corpus relief is denied. [1]. This case is closed. The clerk is directed to prepare a judgment.**

**ENTERED:**

　　　　　　　　　　　　 s/Colin Stirling Bruce

**COLIN STIRLING BRUCE**
**U.S. DISTRICT JUDGE**